# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

           **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-414-Orl-31KRS**

**JOHNNY BARON, JR.,**

           **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 8)**
>
> **FILED:** May 8, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

**I. INTRODUCTION.**

On March 20, 2008, Plaintiff United States of America ("United States") filed a Complaint against Johnny Baron, Jr. seeking to recover principal and interest owed by Baron for failing to make payments on a student loan. Doc. No. 1. Baron was served with process, doc. nos. 4, 7, but has not answered the Complaint. Accordingly, at the United States' request, the Clerk of Court entered a default against Baron. Doc. Nos. 5-6. The United States has now filed the instant motion for entry of default judgment. Doc. No. 8.

In support of the motion, the United States filed the Declaration of Steven Davis indicating that Baron is not presently in the military service of the United States, and thereby entitled to the protection of 50 U.S.C. § 520, or otherwise requiring special service in accordance with Fed. R. Civ. P. 4(g). Doc. No. 8 at 7. Attached to the complaint is a sworn Certificate of Indebtedness from the United States Department of Education. Doc. No. 1, Ex. A. Attached to the motion is a sworn Bill of Costs seeking recovery of the costs of litigation in the amount of $175.00.

## II.    APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages. *Id*.

**III.   ALLEGATIONS OF THE COMPLAINT.**

The United States alleges that Baron owes it the principal amount of $1807.75, and interest in the amount of $2,406.62 as of March 20, 2008, together with interest accruing thereafter at the rate of 8% per annum. Doc. No. 1 ¶ 3. Exhibit A is a sworn Certificate of Indebtedness from the Department of Education in which the affiant avers that, on or about March 28, 1991 and August 9, 1991, Baron executed promissory notes to secure loans of $1,313.00 and $656.00 from Manufacturers Hanover Trust Company at 8% interest per annum. Doc. No. 1, Ex. A.  The loan was guaranteed by United Student Aid Funds, Inc. and then reinsured by the Department of Education under the Higher Education Act, 20 U.S.C. 1071, *et seq. Id.*

The original holder of the loan, Manufacturers Hanover Trust Company, demanded payment according to the terms of the loan, but received no payment. Baron defaulted on the loan on December 15, 1992. Due to the default, the guaranty agency, United Student Aid Funds, paid off the claim. United Student Aid Funds was then reimbursed for the payment of the claim by the Department of Education pursuant to a reinsurance agreement. *Id.*

The United States seeks judgment against Baron in the amount of $1,807.75, together with interest in the amount of $2,406.62, as of March 20, 2008, and interest on the principal amount accruing thereafter at the rate of 8% per annum. Doc. No. 1 ¶ 3.

**IV.   ANALYSIS.**

*A.   Liability.*

"In order for judgment to be entered in favor of the United States, it must prove that (1) Defendant executed the note; (2) that United States is the present holder of the note; and (3) the note

is in default." *United States v. Mendoza*, C.A. No. C-06-171, 2007 WL 677268, at *1 (S.D. Tex. Mar. 1, 2007).

The body of the Complaint does not allege that Baron executed promissory notes, that the United States is present holder of the notes, or that the notes are in default. However, Federal Rule of Civil Procedure 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." Attached to the Complaint is a Certificate of Indebtedness. It avers that Baron signed two promissory notes, the notes had been assigned to the Department of Education, and that the notes are in default.

Accordingly, by failing to answer the Complaint, Baron is deemed to have admitted that he signed the promissory notes, that the United States is the present holder of the notes by assignment, and that the notes are in default. This is sufficient to establish that Baron is liable for payment due under the notes.

*B.     Damages.*

The sworn Certificate of Indebtedness establishes that Baron failed to make any payments of sums due under the promissory notes as of December 15, 1992. Accordingly, the Department of Education avers that Baron owes the United States the following sums:

| | |
|---|---|
| Principal: | $ 1,807.75 |
| Interest: | $ 2,406.62 (as of March 20, 2008) |
| Total debt as of 3/20/08: | $ 4,214.37 |
| Additional prejudgment interest: | $    0.40 per day. |

This is sufficient to establish the damages due to the United States.

*C.     Costs.*

The United States seeks the following of costs of the action:

>Clerk's Filing Fee
>(pursuant to 28 U.S.C. § 1914(a)):     $  150.00
>
>Fees for Service and Travel
>(pursuant to 28 U.S.C. § 1921):         $    25.00
>
>Total                                               $  175.00

Pursuant to Fed. R. Civ. P. 54(d), "costs shall be allowed as of course to the prevailing party unless the court otherwise directs" or there is a United States statute or federal rule of civil procedure to the contrary. The recovery of costs is subject to the Court's broad discretion, *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991), and is limited to those costs expressly provided for by statute, *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

The filing fee and service of process fee are taxable costs. However, the United States presented no evidence that it actually incurred these fees, other than counsel's representation that the information contained in the motion is true. The docket does not reflect that the United States paid a filing fee.[1] It is unclear whether the $25.00 cost is the amount paid to the process server, or some other cost. Accordingly, I recommend that the Court not award costs at this time, but permit the United States to file a separate Bill of Costs within the time permitted by the rules of the Court after judgment is entered.

---

[1] Clerks of the United States District Courts normally do not require the United States, as a party in any civil action, to pay a filing fee. *See United States v. Spann*, 797 F. Supp. 980, 981-82 (S.D. Fla. 1992).

## V. RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that the Motion for Entry of Default Judgment, doc. no. 8, be **GRANTED in part**, and that the Court enter judgment against Johnny Baron, Jr. in the amount of $4,214.37 plus accrued pre-judgment interest. I further recommend that the Court direct the United States to submit a proposed judgment with the prejudgment interest calculated as of the date provided by the Court.  I further recommend that the motion be **DENIED in part** with respect to the request for an award of costs, but that the Court grant the United States leave to file a separate Bill of Costs, supported by evidence of the costs actually incurred, within the time permitted by the rules of the Court.  Finally, I recommend that the Clerk of Court be directed to close the file after judgment is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 9, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE